## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LUANN L. BENNETT | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| ROBERT S. BENNETT, as Trustee for the | ) | |
| BETTY KOPLAR BENNETT TRUST | ) | |
| AGREEMENT DATED MAY 13, 1992, | ) | |
| 793 Harbour Isles Place | ) | |
| North Palm Beach, FL  33410 | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff LuAnn L. Bennett ("**Plaintiff**"), as and for her Complaint (the "**Complaint**")

against Defendant Robert S. Bennett, as Trustee for the Betty Koplar Bennett Trust Agreement

Dated May 13, 1992 ("**Defendant**"), states and alleges as follows.

## NATURE OF ACTION

1.      This action arises out of Defendant's failure to pay amounts due on a Demand

Promissory Note (the "**Note**") made and issued to Plaintiff on April 16, 2001.  Plaintiff made

formal written demand on Defendant for payment in full of the balance of the Note, as well as

interest at the agreed upon rate, within ten business days.  Defendant failed to pay within the

time specified, and is in default.  Despite Plaintiff's formal written notice of said default, no

payment has been made, necessitating this action.

## JURISDICTION AND VENUE

2.    This Court properly has jurisdiction pursuant to 28 U.S.C. §§ 1332. The parties to this action are of completely diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and a substantial part of property that is the subject of the action is situated in this judicial district. Additionally, the Note itself mandates that this action be brought in the District of Columbia, and the makers of the Note waived all objections to venue.

## THE PARTIES

4.    Plaintiff LuAnn L. Bennett is an adult natural person. LuAnn L. Bennett is a domiciliary of Virginia, residing at 175 Chain Bridge Road in McLean, Virginia.

5.    Defendant Robert S. Bennett is an adult natural person, against whom suit is brought in his purported capacity as Trustee for the Betty Koplar Bennett Trust Agreement Dated May 13, 1992 (the "**Trust**"). Upon information and belief, Defendant is a resident and domiciliary of the State of Florida, and holds himself out as sole trustee of the Trust.

## CLAIM FOR RELIEF

6.    On April 16, 2001, a Demand Promissory Note was signed and made, jointly and severally, by Betty K. Bennett in her individual capacity and Betty K. Bennett as Trustee of the Trust (collectively, the "**Makers**"), and issued to LuAnn L. Bennett. Under the terms of the Note, the Makers jointly and severally promised and agreed to pay to the order of LuAnn L. Bennett, on demand, the principal sum of $300,000.00, together with interest until paid at the rate of 4.86% per annum. A true and correct copy of said Note is attached hereto as **Exhibit A**.

7.      Also on April 16, 2001, Plaintiff caused to be wired the sum of $300,000.00 to the account of Betty K. Bennett and/or of the Trust created in Betty K. Bennett's name.

8.      On May 31, 2007, Betty K. Bennett died.  As of that time, no payment had been made to Plaintiff under the Note, nor had Plaintiff made any demand for any such payment.

9.      By reason of her death, Betty K. Bennett ceased to be the trustee of the Trust. Defendant maintains that he is the successor trustee of the Trust, and holds himself out as such.

10.     Shortly after the death of Betty K. Bennett, Plaintiff informed Defendant of the Note's existence, and that it remained unpaid.  In response, Defendant neither acknowledged the debt nor indicated whether the outstanding balance on the Note would be paid.

11.     On September 20, 2007, Plaintiff, by counsel, sent a Notice of Demand to the Trust regarding the Note via certified mail, directed both to Defendant and to Barbara A. Sloan, Esquire, counsel for Defendant and the Trust.  This Notice of Demand requested payment, within ten business days, of the full balance of the Note as well as interest at the agreed upon 4.86% per annum rate, to be calculated at the date of payment.  A true and correct copy of the September 20, 2007 Notice of Demand is attached as **Exhibit B**.

12.     The Notice of Demand was received by Defendant and Ms. Sloan on September 24, 2007.  However, no payment was made, within ten business days or otherwise.

13.     On October 9, 2007, Defendant sent, through counsel Lon E. Musslewhite, Esquire, a letter to Plaintiff's counsel regarding the September 20, 2007 Notice of Demand. Defendant's letter neither admits nor denies the debt owed under the Note, but nonetheless requests forbearance with regard to collecting on said Note.

14.     On October 17, 2007, Plaintiff, by counsel, sent a Notice of Default to the Trust, directed to Defendant and Ms. Sloan via certified mail, and to Mr. Musslewhite via facsimile and

first-class mail.  As set forth therein, Plaintiff declined to forbear on the Note, and declared said Note to be in default.  The Notice of Default further states: "If the 2001 Note is not paid in full immediately, LuAnn Bennett will take all actions necessary to collect same.  In this regard, please note that pursuant to the 2001 Note, the Betty 1992 Trust has agreed to pay LuAnn Bennett's reasonable attorneys' fees in connection with these collection efforts, whether or not suit is brought."  A true and correct copy of the October 17, 2007 Notice of Default is attached hereto as **Exhibit C**.

15.     Defendant, Ms. Sloan and Mr. Musslewhite received the Notice of Default in October 2007.  However, no payment was made.

16.     Pursuant to the terms of the Note, upon default, the entire principal sum and accrued interest is due and payable to Plaintiff without further notice.  The Note further specifies that such sums "shall be payable without any offset, reduction or recoupment whatsoever . . . ."

17.     Additionally, under the terms of the Note, Plaintiff is entitled to reasonable attorney's fees and any other costs and expenses reasonably connected to collecting the amounts owed after default.  In this regard, Plaintiff has incurred attorneys' fees and other expenses collecting on the Note, both in preparing and pursuing the instant action against the Trust through Defendant, and in initiating collection efforts against the other Maker of the Note, Betty K. Bennett (through her Estate), which efforts would not have been necessary had Defendant made timely payment on the Note as required by the terms thereunder.

18.     No payment of any amount owed under this Note has been made by Defendant. Additionally, no payment of any amount owed under the Note has been made by any Maker thereof, nor by the Estate of Betty K. Bennett, nor by any other person or entity.

19.     By reason of its default, Defendant owes Plaintiff the principal sum of $300,000, together with interest accruing at the rate of 4.86% per annum from April 16, 2001 to the date of judgment, and the reasonable attorney's fees and costs incurred in collecting these amounts.

20.     The instant action is without prejudice to any action that may be brought against the other Maker of the Note, to wit, Betty K. Bennett and/or her successor Estate, which Maker is jointly and severally liable under said Note.  All such rights are expressly reserved.

21.     All conditions precedent to bringing suit having been satisfied.

## PRAYER

**WHEREFORE**, Plaintiff requests that judgment be entered against Defendant in the amount of $300,000, together with interest on that amount accruing at a rate of 4.86% per annum from April 16, 2001 to the date of judgment, together with all reasonable attorney's fees and costs incurred by Plaintiff in connection with collection on the Note, and that the Court award such other and further relief in favor of Plaintiff as the Court deems to be just and proper.

Dated:  December 13, 2007

Respectfully submitted,

By: _____
Allen V. Farber (D.C. Bar No. 912865)
Brian A. Coleman (D.C. Bar No. 459201)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C.  20005
Telephone:  (202) 842-8800
Facsimile:  (202) 842-8465

*Counsel for Plaintiff LuAnn L. Bennett*

# EXHIBIT A

# DEMAND PROMISSORY NOTE

April 16, 2001

$300,000.00

FOR VALUE RECEIVED, the undersigned BETTY K. BENNETT , an individual, and the BETTY KOPLAR BENNETT TRUST U/A DATED MAY 13, 1992 (hereinafter sometimes together referred to as "Makers" or "Borrowers"), do hereby jointly and severally promise to pay to the order of LUANN L. BENNETT (sometimes herein called the "Lender" or the "holder") with offices at 3524 K Street, N.W., Washington, D.C. 20007, at said offices or at such other place or places as the holder hereof may from time to time designate in writing, on demand, the principal sum of THREE HUNDRED THOUSAND AND 00/100 DOLLARS ($300,000.00), together with interest thereon until paid at the rate of four and 86/100ths percent (4.86%) per annum interest, principal and all other sums payable hereunder shall be payable without any offset, reduction or recoupment whatsoever, in lawful money of the United States of America which shall be legal tender in payment of all debts and dues, public and private, at the time of payment.

If default be made in the performance of any other covenant herein contained, or in the performance of any term, condition or covenant in any other instrument evidencing or securing this Note, and if such default shall continue uncured beyond the applicable grace period, if any, provided in the Security Agreement or other instrument, then and in any such event, the entire principal sum outstanding, together with accrued interest thereon, and any other payments due hereunder, shall at once become due and payable at the option of the holder of this Note without further notice. Failure of the holder of this Note to exercise any of the above options to accelerate payment in the event of any default shall not constitute a waiver of the right to exercise the same in the event of any such default or any subsequent default.

Time shall be of the essence as to each and every provision of this Note.

In the event, after default, counsel is employed by the holder hereof to collect this obligation or to protect the security hereof, Makers hereby agree to pay the reasonable attorney's fees so incurred by holder whether or not suit be brought, and all other costs and expenses reasonably connected with collection.

Except as otherwise provided herein, the undersigned Makers and endorsers hereof and other parties at any time liable hereunder hereby waive presentment, protest and demand, notice of protest, notice of demand and of dishonor and non-payment of this Note, and expressly agree that this Note, or any payment hereunder, may be extended from time to time without in any way affecting the liability of the undersigned Makers or any such other party.

All notices hereunder shall be given in writing, and shall be deemed given if and when mailed by certified mail, return receipt requested, with proper postage prepaid, addressed to Makers hereof at 5000 Blue Heron Way, Boca Raton, Florida 33431, and addressed if to the holder hereof at 3524 K Street N.W., Washington, D.C. 20007 or in either case to such other address as either party may from time to time designate to the other by like written notice given at least ten (10) days prior to the date such change becomes effective.

In case any provision (or any part of any provision) contained in this Note shall for any reason be finally held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note; but this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained herein, but only to the extent it is invalid, illegal or unenforceable.

This Note shall apply to and bind the Makers and their heirs, successors and/or assigns.

THE UNDERSIGNED AGREE THAT ALL CLAIMS, DEFENSES, COUNTERCLAIMS, AND SUITS OF ANY KIND ARISING FROM OR RELATING TO THIS NOTE SHALL BE BROUGHT IN A COURT OF COMPETENT JURISDICTION IN THE DISTRICT OF COLUMBIA AND AGREES TO THE JURISDICTION OF THE DISTRICT OF COLUMBIA COURTS (INCLUDING THE UNITED STATES DISTRICT COURTS) IN ALL SUCH MATTERS. THE UNDERSIGNED AND EACH OTHER OBLIGOR WAIVE ALL OBJECTIONS TO VENUE.

The validity and construction of this Note and all matters pertaining thereto are to be determined and construed according to the laws of the District of Columbia.

WITNESS the execution hereof by the Makers on the date first hereinabove written.

WITNESS/ATTEST:

MAKERS:

_____ (SEAL)
BETTY K. BENNETT, Individually

BETTY KOPLAR BENNETT TRUST
U/A DATED MAY 13, 1992

By: _____ (SEAL)
BETTY K. BENNETT, Trustee

Betty Bennett Note.wpd

# EXHIBIT B

# DrinkerBiddle&Reath
### L L P

Brian A. Coleman
202-842-8868
brian.coleman@dbr.com

*Law Offices*

1500 K Street, N.W.
Washington, DC
20005-1209

202-842-8800 phone
202-842-8465 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

September 20, 2007

## VIA CERTIFIED MAIL / RETURN RECEIPT REQUESTED

Robert S. Bennett
Trustee of Betty Koplar Bennett
  Trust U/A Dated May 13, 1992
793 Harbour Isles Place
North Palm Beach, FL  33410

## VIA CERTIFIED MAIL / RETURN RECEIPT REQUESTED

Barbara A. Sloan, Esquire
Dickenson, Murphy, Rex and Sloan
Suite 410 Compson Financial Center
980 North Federal Highway
Boca Raton, FL  33432

RE:    Demand Promissory Note Dated April 16, 2001
         **NOTICE OF DEMAND**

Dear Mr. Bennett and Ms. Sloan:

        This firm is counsel to LuAnn L. Bennett.  Pursuant to Ms. Sloan's letter dated July 3, 2007, and in view of Robert S. Bennett's stated capacity as Trustee of the Betty Koplar Bennett Trust U/A Dated May 13, 1992, as that trust may have been amended and restated (the "Betty 1992 Trust"), I write regarding the Demand Promissory Note dated April 16, 2001 made by Betty K. Bennett and the Betty 1992 Trust (together, the "Makers") to LuAnn L. Bennett (the "2001 Note"), a copy of which is enclosed.

        The 2001 Note provides that Betty K. Bennett and LuAnn L. Bennett jointly and severally promise to pay to LuAnn L. Bennett, on demand, the principal sum of $300,000.00, together with interest thereon until paid at the rate of 4.86% per annum. The $300,000.00 was wired to Betty K. Bennett's Bank of America account on April 16, 2001, as you can readily confirm.  As we understand you are aware, no payments have been made on the 2001 Note, and it remains unpaid in its entirety.  By our calculation, with accrued interest through September 16, 2007, the amount owed on the 2001 Note is $406,899.16.

        We hereby demand, on behalf of LuAnn L. Bennett, that the Betty 1992 Trust pay the full outstanding balance on the 2001 Note, including all interest accrued through the date of payment.  Payment should be made to LuAnn L. Bennett at 3524 K Street, N.W., Washington, D.C.  20007, as provided in the 2001 Note.  **Time is of the essence.**

*Established 1849*

DC\613947\1

DrinkerBiddle&Reath
L L P

Robert S. Bennett
Barbara A. Sloan
September 20, 2007
Page 2

Be advised that, if we do not receive payment in full within ten (10) business days
of the date of your receipt of this letter, LuAnn L. Bennett will treat such as a default
under the terms of the 2001 Note. LuAnn L. Bennett reserves any and all rights and
remedies in this respect, including but not limited to those set forth in the 2001 Note.

As indicated in the 2001 Note, Betty K. Bennett is jointly and severally obligated
thereunder, and this obligation extends to the Estate to be opened on her behalf. The
instant demand of the Betty 1992 Trust should not be construed as an election of
remedies in this regard, or as a waiver of any right to seek recovery from the Estate of
Betty K. Bennett or any other person who may be liable.

In this regard, to the extent that Robert S. Bennett individually may be an heir or
beneficiary of Betty K. Bennett or the Betty 1992 Trust, be advised that the 2001 Note
provides that it "shall apply and bind the Makers and their heirs, successors and/or
assigns."

Should you have any questions regarding the foregoing, please contact Allen V.
Farber or me at (202) 842-8800. Additionally, please advise us of any other counsel who
may be handling this matter on behalf of either or both of you to whom any future
communications should be directed.

Sincerely yours,

Brian A. Coleman

cc:    LuAnn L. Bennett
       Allen V. Farber
       Lawrence A. Miller
       Edward Downey
       David S. Pressley
       Robert A. Van Kirk

Enclosure

DC\613947\1

# EXHIBIT C

# DrinkerBiddle&Reath
### L L P

Brian A. Coleman
202-842-8868
brian.coleman@dbr.com

*Law Offices*

1500 K Street, N.W.
Suite 1100
Washington, DC
20005-1209

202-842-8800
202-842-8465 fax
www.drinkerbiddle.com

PHILADELPHIA
NEW YORK
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
FLORHAM PARK
BERWYN
WILMINGTON

October 17, 2007

**VIA CERTIFIED MAIL / RETURN RECEIPT REQUESTED**

Robert S. Bennett
Trustee of Betty Koplar Bennett
   Trust U/A Dated May 13, 1992
793 Harbour Isles Place
North Palm Beach, FL  33410

**VIA CERTIFIED MAIL / RETURN RECEIPT REQUESTED**

Barbara A. Sloan, Esquire
Dickenson, Murphy, Rex and Sloan
Suite 410 Compson Financial Center
980 North Federal Highway
Boca Raton, FL  33432

**VIA FACSIMILE 202-434-5029 AND FIRST-CLASS MAIL**

Lon E. Musslewhite, Esquire
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, DC  20005

RE:    <u>Demand Promissory Note Dated April 16, 2001</u>
       **NOTICE OF DEFAULT**

Dear Mr. Bennett, Ms. Sloan and Mr. Musslewhite:

      As counsel to LuAnn L. Bennett, I write in furtherance of our letter dated September 20, 2007, wherein we made demand on Robert S. Bennett in his stated capacity as Trustee of the Betty Koplar Bennett Trust U/A Dated May 13, 1992, as that trust may have been amended and restated (the "Betty 1992 Trust"), for payment of the full outstanding balance under the Demand Promissory Note dated April 16, 2001 made by Betty K. Bennett and the Betty 1992 Trust (together, the "Makers") to LuAnn L. Bennett (the "2001 Note").

      Per the September 20, 2007 letter, such payment in full was demanded within ten (10) business days of your receipt of that letter. According to our records, that letter was received on September 24, 2007, but no payment was received within the subsequent period of ten business days. Accordingly, and in accordance with the terms of the 2001 Note, you are hereby advised that the Betty 1992 Trust is in default. The outstanding balance of the 2001 Note – of which no part has been paid – is due and payable at once.

*Established*
*1849*

DC\61394711

DrinkerBiddle&Reath
L L P

Robert S. Bennett
Barbara A. Sloan
Lon E. Musslewhite
October 17, 2007
Page 2

By our calculation, with accrued interest through October 16, 2007, the amount owed on the 2001 Note is $408,514.39.

We acknowledge receipt of a letter dated October 9, 2007 from Lon E. Musslewhite, Esquire, who requests forbearance with regard to collecting the note "while Mr. Bennett is fulfilling his obligations of administering the Estate and the 1992 Trust." As you know, LuAnn Bennett has no obligation to forbear under the express terms of the 2001 Note, and I do not understand Mr. Musslewhite to contend otherwise. However, I would respectfully remind Mr. Musslewhite that one of the obligations of the trustee of the Betty 1992 Trust is to pay its outstanding debts, of which the 2001 Note is one.

Additionally, in considering this request for forbearance, we note that Mr. Musslewhite's letter – received on the afternoon of the last day of the 10-day period we provided – fails even to acknowledge the existence of this debt, much less the obligation to repay. Mr. Bennett had been aware of this outstanding debt since at least June 2007 (and Ms. Sloan has been aware of the 2001 Note since it was first made), which causes us to question Mr. Musslewhite's statement that Mr. Bennett is still "attempting to confirm your statement that no payments of interest or principal were made by Betty K. Bennett" on the 2001 Note. We likewise question the assertion that Mr. Bennett is "attempting to confirm your statement that $300,000 was wired to Betty K. Bennett" given Mr. Bennett's and Ms. Sloan's long awareness of this matter, Mr. Bennett's assertion of exclusive control over Betty K. Bennett's finances prior to and upon her passing, and the fact that the September 20 letter provided the date and name of the recipient bank. If you truly would deem it "helpful" to have the account number to which the funds were transferred (which we question), we believe it is 001456001016, but presumably Robert Bennett already has this information.

Further, irrespective of whether Betty K. Bennett's home is the largest asset of the Betty 1992 Trust (as Mr. Musslewhite state), it is our understanding – and no one has contended otherwise – that the Betty 1992 Trust has more than ample liquid assets to pay this debt. It likewise is unclear to us why Mr. Musslewhite believes that LuAnn Bennett should subordinate her claim to that of other potential creditors of the Betty 1992 Trust.

In sum, we decline this request for forbearance. The Betty 1992 Trust is in default. If the 2001 Note is not paid in full immediately, LuAnn Bennett will take all actions necessary to collect same. In this regard, please note that pursuant to the 2001 Note, the Betty 1992 Trust has agreed to pay LuAnn Bennett's reasonable attorneys' fees connection with these collection efforts, whether or not suit is brought.

DrinkerBiddle&Reath
L L P

Robert S. Bennett
Barbara A. Sloan
Lon E. Musslewhite
October 17, 2007
Page 3

Relatedly, I note that Mr. Musslewhite's letter indicates Robert Bennett is the personal representative of the Estate of Betty K. Bennett (the "Estate"). In that regard, and as indicated previously, Betty K. Bennett is jointly and severally liable to LuAnn Bennett under the 2001 Note. By reason of the default of the Betty 1992 Trust resulting from its refusal to comply with LuAnn Bennett's September 20, 2007 demand, separate demand for payment will now be made to the Estate, and a Statement of Claim will need to be filed with the Florida probate court on LuAnn Bennett's behalf. Pursuant to the 2001 Note, the Betty 1992 Trust will be responsible for the reasonable attorneys' fees incurred in this regard, as such expenses are reasonably connected with LuAnn Bennett's efforts to collect on the 2001 Note. However, this demand on the Estate should not be construed as altering the existing obligation of the Betty 1992 Trust to LuAnn Bennett, nor should it be understood to be an election of remedies in that regard.

Finally, please clarify whether future communications should be directed to Ms. Sloan or Mr. Musslewhite, whether Mr. Pressly ought to be copied on same, and whether we should continue to include Robert Bennett on such correspondence. If Robert Bennett may be excluded, please confirm that you expressly waive on Robert Bennett's behalf any requirements of formal notice to the Betty 1992 Trust or the Estate as may otherwise apply under the terms of the 2001 Note or elsewhere.

Should you have any questions regarding the foregoing, please contact Allen V. Farber or me at (202) 842-8800.

Sincerely yours,

Brian A. Coleman

cc:    LuAnn L. Bennett
       Allen V. Farber
       Lawrence A. Miller
       Edward Downey
       David S. Pressley
       Robert A. Van Kirk

Enclosure

DC\61394711

# DEMAND PROMISSORY NOTE

$300,000.00                                                                                    April 16, 2001

        FOR VALUE RECEIVED, the undersigned BETTY K. BENNETT , an individual, and the BETTY KOPLAR BENNETT TRUST U/A DATED MAY 13, 1992 (hereinafter sometimes together referred to as "Makers" or "Borrowers"), do hereby jointly and severally promise to pay to the order of LUANN L. BENNETT (sometimes herein called the "Lender" or the "holder") with offices at 3524 K Street, N.W., Washington, D.C. 20007, at said offices or at such other place or places as the holder hereof may from time to time designate in writing, on demand, the principal sum of THREE HUNDRED THOUSAND AND 00/100 DOLLARS ($300,000.00), together with interest thereon until paid at the rate of four and 86/100ths percent (4.86%) per annum interest, principal and all other sums payable hereunder shall be payable without any offset, reduction or recoupment whatsoever, in lawful money of the United States of America which shall be legal tender in payment of all debts and dues, public and private, at the time of payment.

        If default be made in the performance of any other covenant herein contained, or in the performance of any term, condition or covenant in any other instrument evidencing or securing this Note, and if such default shall continue uncured beyond the applicable grace period, if any, provided in the Security Agreement or other instrument, then and in any such event, the entire principal sum outstanding, together with accrued interest thereon, and any other payments due hereunder, shall at once become due and payable at the option of the holder of this Note without further notice. Failure of the holder of this Note to exercise any of the above options to accelerate payment in the event of any default shall not constitute a waiver of the right to exercise the same in the event of any such default or any subsequent default.

        Time shall be of the essence as to each and every provision of this Note.

        In the event, after default, counsel is employed by the holder hereof to collect this obligation or to protect the security hereof, Makers hereby agree to pay the reasonable attorney's fees so incurred by holder whether or not suit be brought, and all other costs and expenses reasonably connected with collection.

        Except as otherwise provided herein, the undersigned Makers and endorsers hereof and other parties at any time liable hereunder hereby waive presentment, protest and demand, notice of protest, notice of demand and of dishonor and non-payment of this Note, and expressly agree that this Note, or any payment hereunder, may be extended from time to time without in any way affecting the liability of the undersigned Makers or any such other party.

        All notices hereunder shall be given in writing, and shall be deemed given if and when mailed by certified mail, return receipt requested, with proper postage prepaid, addressed to Makers hereof at 5000 Blue Heron Way, Boca Raton, Florida 33431, and addressed if to the holder hereof at 3524 K Street N.W., Washington, D.C. 20007 or in either case to such other address as either party may from time to time designate to the other by like written notice given at least ten (10) days prior to the date such change becomes effective.

        In case any provision (or any part of any provision) contained in this Note shall for any reason be finally held by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note; but this Note shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained herein, but only to the extent it is invalid, illegal or unenforceable.

        This Note shall apply to and bind the Makers and their heirs, successors and/or assigns.

THE UNDERSIGNED AGREE THAT ALL CLAIMS, DEFENSES, COUNTERCLAIMS, AND SUITS OF ANY KIND ARISING FROM OR RELATING TO THIS NOTE SHALL BE BROUGHT IN A COURT OF COMPETENT JURISDICTION IN THE DISTRICT OF COLUMBIA AND AGREES TO THE JURISDICTION OF THE DISTRICT OF COLUMBIA COURTS (INCLUDING THE UNITED STATES DISTRICT COURTS) IN ALL SUCH MATTERS.  THE UNDERSIGNED AND EACH OTHER OBLIGOR WAIVE ALL OBJECTIONS TO VENUE.

The validity and construction of this Note and all matters pertaining thereto are to be determined and construed according to the laws of the District of Columbia.

WITNESS the execution hereof by the Makers on the date first hereinabove written.

WITNESS/ATTEST:                                MAKERS:

_____            _____(SEAL)
                                                        BETTY K. BENNETT, Individually

                                                        BETTY KOPLAR BENNETT TRUST
                                                        U/A DATED MAY 13, 1992

_____            By:_____(SEAL)
                                                        BETTY K. BENNETT, Trustee

Betty Bennett Note.wpd

# CIVIL COVER SHEET

07-2251
CKK

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Luanne L. Bennett | Robert S. Bennett, as Trustee for the Betty Koplar Bennett Trust Agreement dated May 13, 1992 |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Allen V. Farber / Brian A. Coleman
Drinker Biddle & Reath LLP
1500 K Street, NW, Suite 1100, WDC 20005
202/842-8800

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02251
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 12/13/2007
Description: Contract

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government Defendant

● 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E.** *General Civil (Other)*    **OR**    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊗ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>⊗ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1332 - Collection on Promissory Note

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | **DEMAND $** 300,000 + Interest **JURY DEMAND:** | Check YES only if demanded in complaint YES ☐   NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE 12/13/07   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.