**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUANN BENNETT<br>175 Chain Bridge Road<br>McLean, VA<br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT S. BENNETT, as Trustee for the<br>BETTY KOPLAR BENNETT TRUST<br>AGREEMENT DATED MAY 13, 1992,<br>793 Harbour Isles Place<br>North Palm Beach, FL 33410<br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case: 1:07-cv-02251<br>)   Assigned To: Kollar-Kotelly, Colleen<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER**

Defendant Robert S. Bennett, as Trustee for the Betty Koplar Bennett Trust Agreement dated May 13, 1992 ("Defendant"), through undersigned counsel, hereby answers the Complaint as follows:

1. Paragraph 1 is an introductory paragraph to which no response is required. To the extent a response is required, Defendant admits that Plaintiff, through counsel, sent a letter dated September 20, 2007 purporting to make formal written demand on Defendant for payment on a Demand Promissory Note dated April 16, 2001. Defendant further admits that, since that letter, Defendant has not made payment. The remaining allegations of Paragraph 1 are denied.

2. Paragraph 2 is a statement of jurisdiction setting forth a legal conclusion to which no response is required.

3.	Paragraph 3 is a statement of venue setting forth a legal conclusion to which no response is required.

4.	Admitted.

5.	Admitted.

6.	Defendant admits that Plaintiff has attached a document purporting to be a Demand Promissory Note dated April 16, 2001 and signed by Betty K. Bennett in her individual capacity and Betty K. Bennett as Trustee of the Betty Koplar Bennett Trust Agreement Dated May 13, 1992 (the "Trust").  To the extent Paragraph 6 purports to describe the circumstances of the making of the Note, Defendant lacks knowledge or information sufficient to admit or deny any such allegations, and on that basis denies them.  To the extent Paragraph 6 purports to characterize the contents of the attached document, the document speaks for itself.  Defendant denies any remaining allegations in Paragraph 6.

7.	Admitted.

8.	Defendant admits that Betty K. Bennett died on May 31, 2007.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 8, and on that basis denies them.

9.	Admitted.

10.	Defendant admits that Plaintiff, through counsel, sent a letter dated September 20, 2007 purporting to make formal written demand on Defendant for payment on a Demand Promissory Note dated April 16, 2001.  Defendant further states that he responded, through counsel, both in writing and orally, explaining that, pursuant to Florida law, Defendant must await a final determination of the debts and expenses of the estate before making any payments to creditors of either the estate or the Trust.  Pursuant to Florida Statutes §§ 736.05053 and

733.707(3), the Trust is obligated to pay the debts and expenses of administration of the decedent's estate. Florida Statute § 733.705 provides that the estate shall make no payments until the expiration of 5 months from the date of the first publication to creditors. Florida law therefore permits, if not requires, Defendant to withhold payment of any claims against the Trust or against Betty K. Bennett's estate until after the expiration of 5 months from the first publication of notice to creditors to allow all claims against the estate to be registered and to determine whether the estate's, and ultimately the Trust's, assets are sufficient to satisfy outstanding debts and expenses. To the extent further response is required, Defendant denies the remaining allegations of Paragraph 10.

11.    Defendant admits that Plaintiff, through counsel, sent a letter dated September 20, 2007 purporting to make formal written demand on Defendant for payment on a Demand Promissory Note dated April 16, 2001. The remainder of Paragraph 11 purports to characterize the contents of the September 20, 2007 letter, which speaks for itself. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 11.

12.    Defendant admits that the September 20, 2007 letter demanding payment was received by Defendant and Barbara A. Sloan on or about September 24. Defendant further admits that, since receipt of that letter, Defendant has not made payment. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 12.

13.    Defendant admits the allegations contained in the first sentence of Paragraph 13. The remainder of Paragraph 13 purports to characterize the contents of counsel's October 9, 2007 letter, which speaks for itself. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 13.

14. Defendant admits that, on October 17, 2007, Plaintiff, through counsel, sent a letter captioned "NOTICE OF DEFAULT" to Defendant and Ms. Sloan via certified mail and to Defendant's counsel via facsimile and first-class mail. The remainder of Paragraph 13 purports to quote or characterize the contents of counsel's October 17, 2007 letter, which speaks for itself. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 14.

15. Defendant admits that the October 17, 2007 letter was received by Defendant, Ms. Sloan, and counsel in October 2007. Defendant further admits that, since receipt of that letter, Defendant has not made payment. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 15.

16. Denied.

17. Denied.

18. Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 18, except to admit that the Estate of Betty K. Bennett has made no payment to Plaintiff, and on that basis denies them.

19. Denied.

20. Paragraph 20 sets forth a legal conclusion to which no response is required.

21. Defendant lacks knowledge or information sufficient to admit or deny the allegations of Paragraph 21, and on that basis denies them.

The "WHEREFORE" clause sets forth requests for relief to which no response is required. To the extent a response a required, Defendant denies Plaintiff is entitled to any relief whatsoever. To the extent any allegation is not specifically addressed, it is denied.

**AFFIRMATIVE DEFENSES**

As additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendant alleges as follows:

1. Plaintiff's claims are barred by the statute of limitations or by the doctrine of laches.

2. Plaintiff's claims are barred by the equitable doctrines of estoppel and waiver.

3. The case does not present a justiciable case or controversy.

4. Plaintiff's claims are not yet ripe for resolution and are effectively barred at this time by Florida Statute § 733.705 and other provisions of Florida law.

5. Plaintiff's claims may be barred in whole or in part by the doctrine of accord and satisfaction or payment of outstanding debt.

6. Plaintiff's demand for attorneys' fees and costs is barred by Florida Statute § 733.705, other provisions of Florida law, and the terms of the Note. None of the fees Plaintiff has incurred has been necessary or reasonable.

**WHEREFORE**, Defendant requests that Plaintiff be denied all relief, that the Complaint be dismissed with prejudice, that Defendant be awarded the costs and expenses of this action together with any other relief that the Court deems just and proper.

Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

_____/s/_____
Robert A. Van Kirk (DC Bar No. 430588)
725 Twelfth Street, NW
Washington, DC 20005
(202) 434-5000
*Attorney for Defendant*

Dated: January 10, 2008

5

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed with the Court through the ECF system on the 10th day of January, 2008, and that service will be made electronically by the Court's system to Allen V. Farber and Brian Coleman, counsel for Plaintiff.


/s/ Robert A. Van Kirk_____