## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUANN L. BENNETT | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    **Civil Action No. 1:07-cv-02251** |
| **ROBERT S. BENNETT, as Trustee for the** | )    **(Judge C. Kollar-Kotelly)** |
| **BETTY KOPLAR BENNETT TRUST** | ) |
| **AGREEMENT DATED MAY 13, 1992,** | ) |
| **793 Harbour Isles Place** | ) |
| **North Palm Beach, FL 33410** | ) |
| | ) |
| **Defendant.** | ) |

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Plaintiff Luann L. Bennett, by and

through the undersigned attorneys, hereby moves for summary judgment in this action for

payment under a demand promissory note. In support thereof, Plaintiff respectfully refers the

Court to the accompanying Memorandum of Points and Authorities.


Respectfully submitted,


By:_____/s/_____
    Allen V. Farber (D.C. Bar No. 912865)
    Brian A. Coleman (D.C. Bar No. 459201)
    DRINKER BIDDLE & REATH LLP
    1500 K Street, N.W., Suite 1100
    Washington, D.C. 20005
    Telephone: (202) 842-8800
    Facsimile: (202) 842-8465

*Counsel for Plaintiff LuAnn L. Bennett*


February 27, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LUANN L. BENNETT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 1:07-cv-02251** |
| **ROBERT S. BENNETT, as Trustee for the** | ) | **(Judge C. Kollar-Kotelly)** |
| **BETTY KOPLAR BENNETT TRUST** | ) | |
| **AGREEMENT DATED MAY 13, 1992,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Luann L. Bennett, through counsel, and pursuant to Fed. R. Civ. P. 56, hereby moves this Court for entry of summary judgment in her favor in this action, and specifically on her claim for payment under a $300,000.00 Demand Promissory Note made on April 16, 2001 (the "Note") by the trustee of the Betty Koplar Bennett Trust Agreement dated May 13, 1992 (the "1992 Trust"), of which Defendant Robert S. Bennett is successor trustee.

## I.    Introduction

Entry of judgment is appropriate because there are no genuine issues of material fact as to Defendant's extant and overdue payment obligations under the Note. There is no dispute that the 1992 Trust is a maker of the Note; that Plaintiff made proper demand of Defendant and placed Defendant in default when payment was not forthcoming; and that Defendant is contractually bound to pay the $300,000.00 balance of the Note, together with interest on that amount accruing at a rate of 4.86% per annum from April 16, 2001 to the date of judgment, together with reasonable attorney's fees and costs as mandated by the Note. Defendant has no viable defenses. Accordingly, this Court should enter summary judgment against Defendant in favor of Plaintiff.

## II.    Summary of Facts[1]

In April 2001, Plaintiff LuAnn L. Bennett agreed to lend $300,000 Betty K. Bennett, individually and as trustee of her 1992 Trust, to be secured by demand promissory note.  To memorialize this transaction, on April 16, 2001, Plaintiff wired the $300,000 to the account of Betty K. Bennett and/or her 1992 Trust, and that same date, a Demand Promissory Note was signed and made, jointly and severally, by Betty K. Bennett in her individual capacity and as Trustee of the 1992 Trust (collectively, the "Makers") for the benefit of Plaintiff.  Under the terms of the Note, the Makers jointly and severally promised and agreed to pay to the order of LuAnn L. Bennett, on demand, the principal sum of $300,000.00, together with interest until paid at the rate of 4.86% per annum.

On May 31, 2007, Betty K. Bennett died.  Shortly after her death, Plaintiff informed counsel for the successor trustee of the Note's existence, and that it remained unpaid.

When no payment or promise to pay was received, on September 20, 2007, Plaintiff, by counsel, sent a Notice of Demand to the Trust regarding the Note via certified mail, directed both to Defendant Robert S. Bennett – the purported successor trustee of the 1992 Trust – and to Barbara A. Sloan, Esquire, his counsel.  This Notice of Demand requested payment, within ten business days, of the full balance of the Note as well as interest at the agreed upon 4.86% per annum rate, to be calculated at the date of payment.  However, no payment was made, within ten business days or otherwise.

On October 17, 2007, Plaintiff, by counsel, sent a Notice of Default to the 1992 Trust through Defendant and his counsel.  As set forth therein, Plaintiff declined to forbear on the Note, and declared said Note to be in default.

---

[1] These facts are set forth more completely, and with record citations, in the Statement of Undisputed Facts filed contemporaneously herewith.

Pursuant to the terms of the Note, upon default, the entire principal sum and accrued interest is due and payable to Plaintiff without further notice. The Note further specifies that such sums "shall be payable without any offset, reduction or recoupment whatsoever . . . ." Additionally, under the terms of the Note, Plaintiff is entitled to reasonable attorney's fees and any other costs and expenses reasonably connected to collecting the amounts owed after default.

No payment of any amount owed under this Note has been made by Defendant. Additionally, no payment of any amount owed under the Note has been made by any Maker thereof, nor by the Estate of Betty K. Bennett, nor by any other person or entity. By reason of its default, Defendant owes Plaintiff the principal sum of $300,000, together with interest accruing at the rate of 4.86% per annum from April 16, 2001 to the date of judgment, and the reasonable attorney's fees and costs incurred in collecting these amounts.

## III.    Legal Standard

Summary judgment is to be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Washington Post v. HHS, 865 F.2d 320, 325 (D.C. Cir. 1989). Once the moving party has made a showing that no genuine issue of material fact exists, the burden shifts to the non-moving party to come forward with "specific evidence that sufficiently contradicts or undermines the movant's case to demonstrate a material factual dispute." United Mine Workers of Am. v. Pittston Co., 984 F.2d 469, 473 (D.C. Cir. 1993).

In meeting its burden, the non-moving party "must do more than simply show that there are some metaphysical doubts as to the material facts." *Bias v. Advantage Int'l, Inc.*, 905 F.2d 1158, 1561 (D.C. Cir. 1990), quoting Matsushita Elec. Indust. Corp. v. Zenith Radio Corp., 475

U.S. 574, 586 (1986). Instead, the non-moving party must establish a "genuine" factual dispute;

that is, the evidence submitted must be such that a reasonable jury could find for the non-moving

party. Heller v. Fortis Benefits Ins. Co., 142 F.3d 487, 492 (D.C. Cir. 1998). Not all facts are

material for purposes of summary judgment – only those might affect the outcome of the action.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Where the record taken as a whole

could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue

for trial" and the court must grant summary judgment for the moving party. Brees v. Hampton,

877 F.2d 111, 117 (D.C. Cir. 1989), quoting Matsushita, 475 U.S. at 587.

In the immediate context, under governing DC law,[2] "[s]ummary judgment is appropriate

in an action asserting default on a note where the maker does not deny execution or raise any

legitimate defenses going to the validity of the note itself." Bashir v. Moayedi, 627 A.2d 997,

999 (D.C. 1993).

## IV.    Argument

There is no genuine issue of material fact regarding the execution of the Note, Plaintiff's

disbursement of the monies, Plaintiff's proper demand for repayment, and Defendant's failure to

repay on behalf of the 1992 Trust. Defendant also does not raise any legitimate defense that goes

to the validity of the Note. Accordingly, judgment as a matter of law is appropriate. See Bashir

v. Moayedi, 627 A.2d 997, 999 (D.C. 1993).

### A.    There is No Genuine Dispute as to Defendant Liability.

The Affidavit of LuAnn L. Bennett, together with Defendant's own answer, establishes

that the Note attached to the Complaint was signed by Betty K. Bennett. See Affidavit of LuAnn

---

[2] The Demand Promissory Note explicitly states, "[t]he validity and construction of this Note and all matters pertaining thereto are to be determined and construed according to the laws of the District of Columbia." See Complaint at ¶ 6, Exhibit A thereto at p.2; Affidavit of LuAnn L. Bennett at ¶ 5.

-4-

L. Bennett at ¶ 5; Complaint at ¶ 6 & Exhibit A thereto; Answer at ¶ 6. As reflected on the Note itself, the 1992 Trust and Betty K. Bennett "jointly and severally promise to pay" LuAnn L. Bennett the amount referenced therein, and the Note is signed by Betty K. Bennett in both operative capacities. See id.

The Note, dated April 16, 2001, bears a principal amount of $300,000.00, payable on demand at 4.86% per annum interest. See id. Also on April 16, 2001, LuAnn L. Bennett wired $300,000.00 to the account of Betty K. Bennett and/or the 1992 Trust, as admitted by Defendant. See Affidavit of LuAnn L. Bennett at ¶ 4; Complaint at ¶ 7; Answer at ¶ 7.

Defendant admits that Robert S. Bennett is its successor Trustee. See Answer at ¶ 9. Defendant further admits that Plaintiff, through counsel, sent a demand letter on the Note to defendant on September 20, 2007. Id. at ¶ 11. Defendant also admits that it has not made any payment on the Note since receiving that letter, see id. at ¶ 12, and Defendant also admits to receiving a Notice of Default on October 17, 2007. Id. at ¶¶ 14-15. Plaintiff confirms that no payment of any kind has been received on the Note. See Affidavit of LuAnn L. Bennett at ¶ 7.

Defendant's admission of the Note's existence, the Makers' signature, the transferal of funds, and the defendant's failure to make payment upon demand establish liability. See Bashir, 627 A.2d at 999. Indeed, where Defendant purports to deny facts in his Answer, it is typically due to a purported lack of knowledge rather than any actual dispute. See generally Answer. In any event, the nominal denials in Defendant's Answer is overcome in summary judgment analysis by Plaintiff's own unrebutted affidavit affirms these facts under oath. See generally Affidavit of LuAnn L. Bennett; Fed. R. Civ. P. 56(e) ("an adverse party may not rest upon the mere . . . denials of the adverse party's pleading"). Thus Defendant is liable for the $300,000.00 in principal, plus 4.86% interest calculated from April 16, 2001 to the date of judgment.

b.    <u>Defendant Has No Legitimate Defenses To The Note's Validity.</u>

Defendant has provided no information supporting its Affirmative Defenses one, two, three and five, and Plaintiff respectfully submits that Defendant cannot meet his burden of production on these defenses in opposing this motion.

Defendant's Affirmative Defenses four and six allege that plaintiff's claim is barred by Florida Statute § 733.705, which is a probate statute governing the payment of claims against an estate. This appears to be Defendant's principal defense to payment. However, this argument fails for four reasons: (1) the Note is governed by DC law, not Florida law; (2) Defendant's liability does not stem from, nor is it in any way derivative of, a claim on the Estate of Betty K. Bennett, which renders the Florida statute inapplicable; (3) the five month waiting period imposed by this statute is about to elapse in any event; and ( 4) even if not elapsed and otherwise applicable, the Florida statute has no bearing on the validity of the Note in any event, but rather is relevant only to timing of payment.

First, the Florida statute is inapplicable to this action because the Note specifically provides that it, and all matters relating to its validity and construction, is governed only by DC law. <u>See</u> Complaint at ¶ 6, Exhibit A thereto at p.2; Answer at ¶ 6; Affidavit of LuAnn L. Bennett at ¶ 5. The 1992 Trust, an independent Maker of the note, cannot evade that express agreement by reliance on the law of the jurisdiction in which the settlor of that trust happened to pass away. The D.C. Circuit has recognized: "The District of Columbia Court of Appeals has Adopted the general rule 'that parties to a contract may specify the law they wish to govern, as part of their freedom of contract, as long as there is some reasonable relationship with the state specified.'" <u>Ekstrom v. Value Health, Inc.</u>, 68 F.3d 1391, 314 U.S. App. D.C. 340 (D.C. Cir. 1995), quoting <u>Norris v. Norris</u>, 419 A.2d 982, 984 (D.C. 1980). Such a relationship plainly

-6-

exists here given that the payee of the Note – Plaintiff herein – maintains an office in the District

of Columbia, as specified in the opening sentence of the Note. See Complaint at ¶ 6, Exhibit A

thereto at p.1. Accordingly, Florida law has no applicability to this action, as the 1992 Trust,

through its then-trustee Betty K. Bennett, contractually waived the right to relay on any

substantive statutory defense or other provision that Florida law might afford.

Second, Section 733.705 could not possibly apply here in any event, because that is a

probate statute – and here, Plaintiff's claim against the 1992 Trust is not in any way based on or

derivative of the liability of Betty K. Bennett individually, or the subsequently created Estate of

Betty K. Bennett. To circumvent this, Defendant cites Fla. Stat. § 733.707(3) for the proposition

that the 1992 Trust it is obligated to pay the debts and expenses of administering the decedent's

estate and, when coupled with § 733.705, Plaintiff must be made to wait upon a determination

that "the estate's, and ultimately the Trust's, assets are sufficient to satisfy outstanding debts and

expenses." See Answer at ¶ 10. However, while this might be true if Plaintiff was asking the

1992 Trust to answer for the Estate's insolvency, here Defendant ignores the express language of

the Note that Betty K. Bennett and the 1992 Trust are jointly and severally liable for the amount

due. The 1992 Trust's liability is independent of the Estate, and this action is only against the

1992 Trust. In other words, the 1992 Trust, being a Maker of the Note and jointly and severally

obligated thereunder, is liable on the Note irrespective of whether the Estate also is liable.

The inapplicability of the Florida statute to the instant claim against the 1992 Trust is

evident from a review of that statute's provisions. Fla. Stat. § 733.705(1) limits the application

of the five month waiting period to "the debts of the decedent." Further, Fla. Stat. § 737.3061, a

statute governing the limitations on actions against certain trusts, states that no creditor of a

decedent may bring an action against a § 733.707(3) trust "that is dependent on the individual

-7-

liability of the grantor." This statute further states, "[t]his section shall not preclude a direct action against a trust described in s. 733.707(3), the trustee of the trust, or a beneficiary of the trust that is *not dependent on the individual liability of the grantor*." Fla. Stat. § 737.3061(2) (emphasis added). This statute was contemplated by Florida courts even before it was passed. See Estate of Read v. A.D.K. Props., 766 So.2d 393, 394-95 (Fla. Dist. Ct. App. 2000) ("If the contractual obligation was a debt of the Trust, South Port Square would not be bound by the requirements of section 733.707(3) and could proceed directly against the Trust."). As the 1992 Trust is independently liable under the Note, the Florida probate code limitations do not apply to this action.

Third, this purported defense will soon be moot anyway. Fla. Stat. § 733.705(1) provides that an estate representative cannot be compelled to pay a decedent's debts until five months after the first publication of notice to creditors. A Notice to Creditors of Betty K. Bennett's estate was published on November 8, 2007. See Exhibit A. Per stipulated order, the deadline for the Estate to object to Plaintiff's independent claim against the Estate was February 19, 2008, and has already expired without any notice to Plaintiff of any objection. Even the later date of April 8, 2008 (five months from publication) will have expired as within just a few weeks after briefing is closed on this motion, and that defense may well be moot by the time that this Court rules on this motion.

Fourth, in Bashir, the D.C. Court of Appeals recognized that summary judgment is appropriate on a note case if the defendant does not offer a defense that goes to the validity of the note itself. 627 A.2d at 999. Neither Fla. Stat. § 733.705 nor any of the other Florida probate statutes cited in Defendant's Answer have any bearing on the validity of the Note. Having already admitted that Betty K. Bennett signed the Note and that payment by Plaintiff was made,

Defendant has not contested the Note's validity.  Thus the greatest effect that could flow from §

733.705 is to delay enforcement of judgment on the Note until after April 8, 2008.

c.    <u>Plaintiff is Entitled to Receive her Attorneys' Fees and Costs.</u>

The Note also expressly states:

> In the event, after default, counsel is employed by the holder hereof to collect this
> obligation or to protect the security hereof, Makers hereby agree to pay the
> reasonable attorney's fees so incurred by holder whether or not suit is brought,
> and all other costs and expenses reasonably connected with collection.

<u>See</u> Affidavit of LuAnn Bennett at ¶ 5; Complaint at ¶ 6, Exhibit A thereto.  Here, Plaintiff has

made demand, afforded ten business days for payment, sent a notice of default, waited a bit

longer, and finally filed this action.  <u>See</u> Complaint at ¶¶ 11-12, 14-15 & Exhibits B and C

thereto; Answer at ¶¶ 11-12, 14-15; Affidavit of LuAnn Bennett at ¶ 6.  Indeed, Plaintiff was

even forced to initiate collection proceedings against the Estate in Florida probate court due to

the 1992 Trust's refusal to pay.  <u>See</u> Complaint at ¶¶ 14-15 & Exhibit C thereto (referencing

Estate collection proceedings); at ¶¶ 11-12, 14-15; Affidavit of LuAnn Bennett at ¶ 7.

Accordingly, Plaintiff is entitled to recover her attorneys' fees and costs incurred in making this

motion, and otherwise incurred in seeking recovery on amounts owed under the Note.  <u>See</u>

Affidavit of LuAnn Bennett at ¶ 7.  Accordingly, Plaintiff asks that the Court include in its Order

an award of Plaintiff's attorneys' fees, in an amount to be determined by subsequent affidavit.

**V.    Conclusion**

There is no genuine issue of material fact as to the defendant's obligations under the

Note.  Defendant has offered no legitimate defenses to the validity of the note, making summary

judgment appropriate.  Defendant's obligation is separate and distinct from Betty K. Bennett's

personal liability (or that of her estate), and the Florida statutes clearly state that no part of the

probate code prevents this action.  Accordingly, plaintiff respectfully requests that this Court

grant summary judgment on her claim for relief for the amount set forth herein – to wit,

$300,000.00, plus 4.86 % per annum interest from April 16, 2001 until the date of judgment, plus

attorneys' fees and costs as determined by subsequent motion.


Dated:  February 27, 2008


Respectfully submitted,


By:_____/s/_____

    Allen V. Farber (D.C. Bar No. 912865)
    Brian A. Coleman (D.C. Bar No. 459201)
    DRINKER BIDDLE & REATH LLP
    1500 K Street, N.W., Suite 1100
    Washington, D.C.  20005
    Telephone:  (202) 842-8800
    Facsimile:  (202) 842-8465

    *Counsel for Plaintiff LuAnn L. Bennett*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUANN L. BENNETT             )
                                      )
             Plaintiff,        )
                                        )
   v.                          )
                                        )    Civil Action No. 1:07-cv-02251
ROBERT S. BENNETT, as Trustee for the  )    (Judge C. Kollar-Kotelly)
BETTY KOPLAR BENNETT TRUST     )
AGREEMENT DATED MAY 13, 1992,    )
                                          )
             Defendant.      )

## STATEMENT OF UNDISPUTED FACTS
## FILED PURSUANT TO LOCAL CIVIL RULE 7(h)

1.      In April 2001, Plaintiff LuAnn L. Bennett lent $300,000.00 to Betty Koplar

Bennett, individually and as trustee of the Betty Koplar Bennett Trust Agreement dated May 13,

1992 (the "1992 Trust"), the repayment of which was secured by a Demand Promissory Note

payable on demand with interest at 4.86% per annum.  Affidavit of Luann L. Bennett at ¶ 3.

2.      More specifically, on April 16, 2001, LuAnn L. Bennett caused to be wired

$300,000.00 to the Bank of America account of Betty Koplar Bennett and/or her 1992 Trust.

Affidavit of Luann L. Bennett at ¶ 4; Complaint at ¶ 7.  Defendant admits that the funds were

received.  Answer at ¶ 7.

3.      Betty Koplar Bennett signed the Demand Promissory Note dated April 16, 2001

(the "Note") both in her individual capacity and in her capacity as trustee of the 1992 Trust.

Complaint at ¶ 6 & Exhibit A thereto; Answer at ¶ 6; Affidavit of Luann L. Bennett at ¶ 5.

4.      The Note provides that Betty Koplar Bennett and the 1992 Trust jointly and

severally promise to repay amounts due under the Note, on demand.  Complaint at ¶ 6 & Exhibit

A thereto; Affidavit of Luann L. Bennett at ¶ 5.  A true and correct copy of the Note is attached

to the Complaint as Exhibit A.  See id.

5.      On May 31, 2007, Betty K. Bennett died.  Defendant Robert S. Bennett holds himself out as the successor trustee of the Trust.  Complaint at ¶ 8-9; Answer at ¶ 8-9.

6.      On September 20, 2007, Plaintiff, through counsel, sent by certified mail a Notice of Demand regarding the Note to Defendant and his counsel, Barbara Sloan, Esq.  Defendant and Ms. Sloan received this letter on September 24, 2007.  Complaint at ¶ 10-12 & Exhibit B thereto; Answer at ¶ 10-12; Affidavit of Luann L. Bennett at ¶ 6.

7.      In the Notice of Demand, Plaintiff requested payment of the amounts owed under the Note within ten business days of receipt.  No payment was received within that time (or ever).  Affidavit of Luann L. Bennett at ¶¶ 6-7.

8.      On October 17, 2007, Plaintiff, through counsel, sent a Notice of Default to the Defendant and Ms. Sloan as respects the note.  Defendant and Ms. Sloan received the Notice of Default in October 2007.  Complaint at ¶¶ 14-15 & Exhibit C thereto; Answer at ¶¶ 14-15; Affidavit of Luann L. Bennett at ¶ 6.

9.      Pursuant to the terms of the Note, upon default, the entire principal sum and accrued interest is due and payable to Plaintiff without further notice.  The Note further specifies that such sums "shall be payable without any offset, reduction or recoupment whatsoever . . . ." Complaint at ¶ 6 & Exhibit A thereto; Affidavit of Luann L. Bennett at ¶ 5.

10.     Additionally, the Note provides that Plaintiff is entitled to reasonable attorney's fees and any other costs and expenses reasonably connected to collecting the amounts owed after default.  In this regard, Plaintiff has incurred attorneys' fees and other expenses collecting on the Note in preparing and pursuing the instant action against the 1992 Trust through Defendant, and in initiating collection efforts against the other Maker of the Note, Betty K. Bennett (through her Estate), which efforts would not have been necessary had Defendant made timely payment on the Note as required by the terms thereunder. Complaint at ¶ 6 & Exhibit A thereto; Affidavit of Luann L. Bennett at ¶¶ 5, 8.

11.     Neither Defendant, the 1992 Trust, Betty Koplar Bennett or the Estate of Betty Koplar Bennett, nor anyone else, has ever made any payment on the Note, nor otherwise reimbursed Plaintiff for any part of her loan to Betty Koplar Bennett and the 1992 Trust. Complaint at ¶ 12, 15, 18; Answer at ¶ 12, 15, 18; Affidavit of Luann L. Bennett at ¶ 7.

Dated:  February 27, 2008

Respectfully submitted,

By:_____/s/_____
        Allen V. Farber (D.C. Bar No. 912865)
        Brian A. Coleman (D.C. Bar No. 459201)
        DRINKER BIDDLE & REATH LLP
        1500 K Street, N.W., Suite 1100
        Washington, D.C.  20005
        Telephone:  (202) 842-8800
        Facsimile:  (202) 842-8465

        *Counsel for Plaintiff LuAnn L. Bennett*

## <u>CERTIFICATE OF SERVICE</u>

 I HEREBY CERTIFY that on this 27th day of February 2008, a copy of the foregoing Motion for Summary Judgment, Memorandum in Support Thereof, Statement of Undisputed Facts, Affidavit of LuAnn L. Bennett, and proposed Order was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

            /s/  Brian A. Coleman
            Brian A. Coleman

# EXHIBIT A

FLORIDA                                PROBATE DIVISION


IN RE: ESTATE OF

BETTY KOPLAR BENNETT   File No. 502007CP004233XXXXSB
                                Division:

Deceased.


### NOTICE TO CREDITORS

The administration of the estate of BETTY KOPLAR BENNETT, deceased, whose date of death was May 31, 2007, and whose social security number is XXX-XX-4180, is pending in the Circuit Court for Palm Beach County, Florida, Probate Division, the address of which is 200 West Atlantic Avenue, Room 170, Delray Beach, Florida 33445.   The names and addresses of the personal representative(s) and the personal representative(s) attorney are set forth below.

All creditors of the decedent and other persons having claims or demands against decedent's estate on whom a copy of this notice is required to be served must file their claims with this court WITHIN THE LATER OF THREE (3) MONTHS AFTER THE DATE OF THE FIRST PUBLICATION OF THIS NOTICE OR THIRTY DAYS (30) AFTER THE DATE OF SERVICE OF A COPY OF THIS NOTICE ON THEM.

All other creditors of the decedent and  persons having claims or demands against decedent's estate  must file their claims with this court WITHIN THREE (3) MONTHS AFTER THE DATE OF THE FIRST PUBLICATION OF THIS NOTICE.

ALL CLAIMS NOT FILED WITHIN THE TIME PERIODS SET FORTH IN SECTION 733.702 OF THE FLORIDA PROBATE CODE WILL BE FOREVER BARRED.

NOTWITHSTANDING THE TIME PERIODS SET FORTH ABOVE, ANY CLAIM FILED TWO (2) YEARS OR MORE AFTER THE DECEDENT'S DATE OF DEATH IS BARRED.

The date of the first publication of this Notice is __**November 8, 2007**__ ___.


Attorney for Personal Representative:                    Personal Representative:

_(signature)_ for Barbara Sloan                          _(signature)_ Robert S. B___

**BARBARA A. SLOAN, ESQUIRE**                            **ROBERT S. BENNETT**
Florida Bar No. 508901                                   793 Harbour Isles Place
DICKENSON, MURPHY, REX and SLOAN                         North Palm Beach, FL 33410
980 N. Federal Hwy, Ste. 410
Boca Raton, FL  33432
Telephone (561) 391-1900

# EXHIBIT B

12/04/07  13:01 FAX 15613911933      DMRS                              ☐002
12/03/07  MON 13:56 FAX 5616597240        PRESSLY&PRESSLY            ☐0..

                                                                    p.3

Dec 03 2007 3:30PM    HP LASERJET FAX

                                                                    12/10

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA.

IN RE:    ESTATE OF

BETTY KOPLAR BENNETT,              File #502007CP004233XXXXSB
                                   Probate Division
          Deceased.
_____/

### AGREED ORDER ON STIPULATION

### STIPULATION

The below-signed parties stipulate to the below-described

Order.

DOWNEY & DOWNEY, P.A.
Attorneys for Creditor
3501 PGA Boulevard, Suite 201
Palm Beach Gardens, FL  33410
(561) 691-2043 - Telephone
(561) 691-8078 - Telefax

By: _____
    EDWARD DOWNEY
    Florida Bar No. 441074

Dated: 12-4-07


BARBARA A. SLOAN, ESQ.              PRESSLY & PRESSLY, P.A.
Counsel for Personal Rep.          Counsel for Robert Bennett
980 N. Federal Highway, Ste. 410   222 Lakeview Ave., Ste. 910
Boca Raton, FL  33432              West Palm Beach, FL 33401
(561) 391-1900 - Telephone         (561) 659-4040 - Telephone

_____           _____
BARBARA A. SLOAN                   DAVID S. PRESSLY
Florida Bar No. 508901             Florida Bar No. 294624
Dated: 12/4/07                     Dated: 12/3/07

Estate of Betty Koplar Bennett
File #502007CP004233XXXXSB
Page 2

## AGREED ORDER ON STIPULATION

Based upon the above Stipulation, it is

ORDERED that

1.    LUANN BENNETT'S Statement of Claim filed against the

Estate on or about October 19, 2007 is timely filed.

2.    The Personal Representative or other interested person

has until February 19, 2008 to file and serve an Objection to

LUANN BENNETT'S Statement of Claim.

ORDERED this _____ day of December, 2007.

_____
Circuit Court Judge

Copies furnished to:
Edward Downey, Esq.
David S. Pressly, Esq.
Barbara A. Sloan, Esq.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LUANN L. BENNETT** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    **Civil Action No. 1:07-cv 02251** |
| **ROBERT S. BENNETT, as Trustee for the** | )    **(Judge C. Kollar-Kotelly)** |
| **BETTY KOPLAR BENNETT TRUST** | ) |
| **AGREEMENT DATED MAY 13, 1992,** | ) |
| | ) |
| **Defendant.** | ) |

## AFFIDAVIT OF LUANN L. BENNETT

I, LUANN L. BENNETT, being duly sworn, do hereby depose and say:

1.    My name is LuAnn L. Bennett.  I am over the age of 18 years and am fully competent to testify in this matter.  I have personal knowledge with respect to each of the matters set forth herein.

2.    I am submitting this Affidavit in support of Plaintiff's Motion for Summary Judgment against defendant Robert S. Bennett, as Trustee for the Betty Koplar Bennett Trust Agreement Dated May 13, 1992 (the "1992 Trust").

3.    In April 2001, I lent $300,000.00 to Betty Koplar Bennett, individually and as trustee of her 1992 Trust, the repayment of which was secured by a promissory note payable on demand with interest at 4.86% per annum.

4.    More specifically, on April 16, 2001, I caused to be wired $300,000.00 to the Bank of America account of Betty Koplar Bennett and/or her 1992 Trust.

5.    The joint and several repayment obligation of Betty Koplar Bennett and her 1992 Trust was memorialized in a Demand Promissory Note dated April 16, 2001 (the "Note"), a true and correct copy of which is attached as Exhibit A to the Complaint

in this action.  The signatures on that Note are of Betty Koplar Bennett, who signed the

Note in her individual capacity and again as the Trustee for the 1992 Trust.

6.    Shortly after Betty Koplar Bennett's death on May 31, 2007, I advised

Barbara Sloan, Esquire – counsel for the purported successor trustee of the 1992 Trust,

Robert S. Bennett – of the outstanding obligation to me under the Note.  When no

payment nor promise of payment was received, I engaged counsel to make demand on

my behalf.  I am informed that the Notice of Demand attached as Exhibit B to the

Complaint was sent on my behalf to Defendant and/or his counsel and, when no payment

within ten business days was received as specified therein, the Notice of Default attached

as Exhibit C to the Complaint was sent on my behalf to Defendant and/or his counsel.

7.    At no time have I received any payment or other compensation on the

amounts owed pursuant to the Note, nor have I otherwise received any repayment of any

kind with respect to the aforementioned loan, whether from Betty Koplar Bennett, the

1992 Trust, the Estate of Betty Koplar Bennett, or otherwise.

8.    I have incurred and paid attorneys' fees and expenses in connection with

my efforts to recover amounts owed under the Note.  The fees and expenses include

collection efforts against the other maker of the Note, Betty K. Bennett (through her

Estate), which efforts would not have been necessary had Defendant made timely

payment on the Note as required by the terms thereunder.

_____
LuAnn L. Bennett

SUBSCRIBED AND SWORN TO before me, a Notary Public in and for
Connecticut, this _26_ day of February, 2008.

NOTARY PUBLIC

My Commission Expires:  June 14, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LUANN L. BENNETT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action No. 07-2251** |
| **ROBERT S. BENNETT, as Trustee for the** | ) | **(Judge C. Kollar-Kotelly)** |
| **BETTY KOPLAR BENNETT TRUST** | ) | |
| **AGREEMENT DATED MAY 13, 1992,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**ORDER**</u>

UPON CONSIDERATION of the Plaintiff's Motion for Summary Judgment, any

opposition thereto, and the record herein, it is, this _____ day of _____, 2008,

ORDERED that said Motion be and hereby is GRANTED, and it is further

ORDERED that the Clerk shall enter judgment in favor of LuAnn L. Bennett and against

Robert S. Bennett as Trustee for the Betty Koplar Bennett Trust Agreement Dated May 13, 1992,

in the amount of $300,000.00 plus 4.86% per annum interest from April 16, 2001 through and

including the date of entry of judgment, plus attorneys' fees and costs; and it is further

ORDERED that Plaintiff shall submit under affidavit, within ten (10) days of the date of

this Order, evidence of attorneys' fees and costs incurred by Plaintiff in connection with her

efforts to recover under the Demand Promissory Note that is the subject of this action, to which

Defendant may file any objections within ten (10) days of the date of such submission.

_____

UNITED STATES DISTRICT JUDGE

**COPIES TO BE SENT TO:**

Robert A. Van Kirk
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005

Allen V. Farber
Brian A. Coleman
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C.  20005