IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUANN L. BENNETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 07-2251 |
| ROBERT S. BENNETT, as Trustee for the ) | (Judge C. Kollar-Kotelly) |
| BETTY KOPLAR BENNETT TRUST ) | |
| AGREEMENT DATED MAY 13, 1992, ) | |
| 793 Harbour Isles Place ) | |
| North Palm Beach, FL  33410 ) | |
| ) | |
| Defendant. ) | |

## JOINT STATEMENT PURSUANT TO LCvR 16.3

The parties to this action, Plaintiff LuAnn L. Bennett and Defendant Robert S. Bennett as Trustee for the Betty Koplar Bennett Trust Agreement Dated May 13, 1992, hereby state as follows pursuant to LCvR 16.3 and this Court's Order for Initial Scheduling Conference.

A.  <u>Statement of the Case</u> (per Order dated Jan. 11, 2008)

*Plaintiff's Position.*

This is an action for recovery on a demand promissory note (the "Note"). Plaintiff alleges that the Note was made on April 16, 2001 by Betty Koplar Bennett, both individually and as trustee of the Betty Koplar Bennett Trust Agreement dated May 13, 1992 (the "1992 Trust"), in the principal amount of $300,000 plus 4.86% per annum interest. Plaintiff further alleges that it has demanded payment in full and given notice of default to Defendant as successor trustee of the 1992 Trust, but that no payment has been made. Plaintiff brings this action to recover the principal and interest on the Note, plus attorneys' fees as provided for in the agreement.

Plaintiff further states that the position articulated by Defendant below – that Plaintiff supposedly committed various unspecified misdeeds as a trustee of unrelated trusts upon a beneficiary of the 1992 Trust – is a non-sequitur, and certainly does not amount to a defense to Defendant's obligation to pay under the Note. Defendant's effort to inject such tangential issues into a simple note case lacks a good faith basis and ought not be countenanced by the Court.

*Defendant's Position*:

Defendant denies that the Note is valid and enforceable and asserts several affirmative defenses, including, among others, statute of limitations, laches, accord and satisfaction and estoppel, the last of which precludes plaintiff from recovery based on unclean hands, breach of fiduciary duty, and fraud. Discovery is necessary on each of these issues.

Plaintiff was a trustee of several other trusts created by the Settlor Richard A. Bennett, Jr., for his three children. Under these trusts, Plaintiff was mandated to distribute to Betty Koplar Bennett the lesser of $200,000 or "five percent of the net fair market value of the total assets of *all* trusts" existing at the time of each distribution. *See* Aug. 2, 1989 Trust Agreement ("the 1989 Trust Agreement) at 4–5 (emphasis added) (stating that the calculation of "total assets" will include "[e]ach trust in existence at the time of an installment payment . . . whether created under this Trust Agreement or under a subsequent agreement or otherwise"). As Betty Koplar Bennett was thus a beneficiary of the trusts, Plaintiff owed her a duty not to engage in self-dealing transactions with her. *See Willow Funding Co. v. Grencom Assocs.*, No. 950146003S, 2000 WL 151236, at *13, *16–*17 (Conn. Super. Ct. Jan. 19, 2000).

Rather than honor her fiduciary obligations and make distributions in accordance with the requirements of the trust, Plaintiff did not count several existing trusts in her calculations of the five percent owed to Betty Koplar Bennett at the time of various distributions. Instead, she

calculated the distributions based only on the value of three trusts created under the 1989 Trust Agreement. Upon information and belief, there were at least three other trusts created by the settlor pursuant to his will for the benefit of his children upon which Betty Koplar Bennett's distributions should have been calculated. The failure to include these trusts in the calculation of the amounts owed to Betty Koplar Bennett likely deprived her and her estate of hundreds of thousands of dollars. As a consequence, had Betty Koplar Bennett received the amounts to which she was entitled, the loan arrangement with the trustee, Plaintiff LuAnn Bennett, would not have been necessary. In addition, Defendant asserts that Plaintiff violated her duties by refusing to treat capital gains as "net income" for purposes of the five percent calculation. Instead, Plaintiff calculated the amounts owed to Betty Koplar Bennett based solely on "net distributable income," and expressly excluded all capital gains from the calculation, despite acknowledging that such gains properly constituted "income" to the trust. Discovery is, thus, necessary into the assets contained in each of the relevant trusts at the time of each distribution to Betty Koplar Bennett and into the means by which Plaintiff calculated these distributions. If Betty Koplar Bennett did not receive the distributions to which she was entitled and Plaintiff breached her high duty of disclosure regarding the total assets available in the other trusts, then Plaintiff's breach forced Betty to accept the promissory Note at issue in this case, and Plaintiff acts with unclean hands in seeking to enforce it. *See Wilkes v. Wilkes*, No. C053728, 2008 WL 444651, at *12–*13 (Cal. Ct. App. Feb. 20, 2008); *Deutsche Bank Nat'l Trust v. Griffin*, 2008 WL 283809, at *4 (Conn. Super. Ct. Jan. 17, 2008); *In re: Estate of Barnes*, 754 A.2d 284, 288 n.6 (D.C. 2000).

Plaintiff's unclean hands may extend beyond her administration of the 1989 Trusts to her other dealings with the beneficiary, Betty Koplar Bennett. In 2002, Plaintiff purchased three interests in certain partnerships owned by Betty Koplar Bennett or by a trust she controlled. Upon

information and belief, the documentation for this purchase was sent by Plaintiff's counsel, Mr. Lawrence Miller, directly to Betty Koplar Bennett rather than to Mrs. Bennett's attorney, even though Plaintiff and her counsel knew Mrs. Bennett was represented by an attorney at that time. Moreover, a note Plaintiff signed at that time states expressly that if "the properties owned by any of the partnerships whose interests" were sold to Plaintiff were themselves sold within three years, then Mrs. Bennett would be entitled to any excess in the value paid for her interests over what she received from Plaintiff. Upon information and belief, one of the interests Mrs. Bennett sold to Plaintiff (Mrs. Bennett's interest in the L and Vermont Limited Partnership) was resold approximately two years later. Upon information and belief, the terms of that note were never altered to reflect any increase in the value Plaintiff obtained for Mrs. Bennett's partnership interest. Discovery is necessary to determine the price at which this property was resold, and if it was resold at a higher price, then Plaintiff breached her duty in not increasing the distribution to Betty Koplar Bennett under that note. Equity "require[s] that [a plaintiff] shall have acted fairly and without fraud or deceit as to the controversy in issue." *Synanon Found. v. Bernstein*, 503 A.2d 1254, 1264 (D.C. 1986). Simply put, to the extent that the Note at issue in this case created an obligation and this obligation was caused by the willful misconduct of Plaintiff—specifically by her unfair and inequitable distribution of income from the other trusts and pursuant to her failure to honor her own obligations under a separate note—Plaintiff is estopped from enforcing the Note. Discovery is thus necessary to determine the scope of Plaintiff's misconduct before the court may render any decision as to the Note's enforceability.

B.  <u>Statutory Basis for Causes of Action and Defenses</u> (per Order dated Jan. 11, 2008)

This is a diversity action brought pursuant to 28 U.S.C. § 1332. The Note provides that it is governed by the law of the District of Columbia.

4

C.    <u>Matters Set Forth in LCvR 16.3(c)</u> (per LCvR 16.3(a)(1))

Where the parties have been unable to agree on a particular matter set forth in the Local Rule, they have set forth their positions separately below.

As a preliminary matter, the parties note that they disagree as to the proper order of events in this case. Plaintiff desires to file a motion for summary judgment, and proposes that discovery be stayed pending resolution of that motion, and that other applicable deadlines be tied to the Court's decision on that motion. Defendant believes summary judgment is premature because discovery is necessary into Plaintiff's conduct before a decision can be rendered, and believes that other applicable deadlines should not be tied to the Court's decision on that motion. Thus, in all issues involving the length of time necessary for discovery and other relevant deadlines, Defendant agrees that Plaintiff's proposed deadlines are reasonable but proposes that they begin from the date of the scheduling conference rather than resolution of Plaintiff's summary judgment motion.

> 1. *Whether the case is likely to be disposed of by dispositive motion (and whether the parties recommend that discovery or other matters await a decision on that motion)*

*Plaintiff's Position*:

Plaintiff believes that the case is likely to be disposed of by dispositive motion. Plaintiff in fact filed a dispositive motion prior to the initial pretrial conference, but the motion was denied without prejudice for the stated reason that the initial conference had not yet taken place. Plaintiff desires to refile its motion with the Court's permission immediately after the pretrial conference. Plaintiff further recommends that discovery in this matter be stayed pending

resolution of that motion. Plaintiff recognizes that Defendant disagrees, but Plaintiff submits that the defenses asserted by Defendant are not legally cognizable in any event, such that discovery on those defenses should be suspended until the threshold viability of those defenses may be tested on dispositive motion.

*Defendant's Position*:

Though Defendant does not rule out the possibility that the case eventually may be disposed of by dispositive motion, Defendant believes that any dispositive motion is premature. As set forth above in Defendant's Statement of the Case, discovery is necessary before any such motion is ripe. Defendant thus objects to any stay in discovery and believes this case should proceed as any normal contract dispute, with dispositive motions being filed after discovery.

        2.    *Date by which any other parties shall be joined or the pleadings amended*

*Plaintiff's Position*:

Plaintiff proposes that any other parties be joined or pleadings amended within forty-five (45) days after the ruling on the aforementioned dispositive motion.

*Defendant's Position*:

Defendant agrees that forty-five (45) days is reasonable, and proposes that any other parties be joined or pleadings amended forty-five days after the scheduling conference, on or before May 30, 2008.

        3.    *Whether the case should be assigned to a magistrate judge for all purposes*

Plaintiff believes this case may be assigned to a magistrate judge. Defendant does not consent to assign this case to a magistrate judge.

4.  *Whether there is a realistic possibility of settling the case*

The parties are not in accord as to whether there is a possibility of settling the case.

5.  *Whether the case could benefit from the Court's ADR procedures*

Plaintiff does not believe that this action is likely to benefit from the Court's ADR procedures. Defendant believes that ADR directed to all the disputes between the parties could be beneficial.

6.  *Whether the case can be resolved by summary judgment or motion to dismiss (dates for filing; proposed dates for decision on the merits)*

*Plaintiff's Position*:

Plaintiff believes that the case is likely to be resolved by motion for summary judgment or similar dispositive motion. As stated above, Plaintiff desires to file such a motion shortly after the pretrial conference. Plaintiff requests a decision on the motion by May 30, 2008.

*Defendant's Position*:

Defendant believes that, while this case may ultimately be resolved by dispositive motion, discovery is necessary into the enforceability of the Note and Defendant's affirmative defenses before any such motion is ripe.

7.  *Whether parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) (and if not, what changes are proposed as respects the scope, form and timing of same)*

*Plaintiff's Position*:

Plaintiff proposes that Rule 26(a)(1) disclosures should be made thirty (30) days after a decision on Plaintiff's summary judgment motion.

*Defendant's Position*:

Defendant agrees that thirty (30) days is a reasonable period and proposes that Rule 26(a)(1) disclosures should be made thirty (30) days after the scheduling conference, on or before May 16, 2008.

> 8. *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery, whether a protective order is appropriate and a date for the completion of all discovery.*

The parties do not currently anticipate requesting a protective order in this action but reserve the right to request one. The parties disagree as to when discovery should begin and its anticipated scope.

*Plaintiff's Position*:

Plaintiff believes that no discovery is necessary, as there is no genuine dispute as to the enforceability of the Note, such that Defendant is legally obliged to pay. Defendant urges that Plaintiff's request for discovery into the specious theories articulated in Defendant's Statement of the Case under the guise of "estoppel" should be rejected or, at minimum, deferred until resolution of Plaintiff's motion, because those defenses are not legally viable. Additionally, Plaintiff believes that Defendant's request for discovery into these unrelated supposed misdeeds is merely an effort to delay, harass, and coerce a settlement despite a known obligation.

Assuming discovery stayed pending resolution of Plaintiff's summary judgment motion, the scope of discovery is apt to depend on the Court's ruling on that motion. Should the case not

be disposed of in full by that motion, Plaintiff notes that the Court may enter an order pursuant to Fed. R. Civ. P. 56(d), which may define the boundaries of discovery. Assuming that the discovery period opens after such a ruling, Plaintiff anticipates that a four (4) month discovery period will be adequate.

*Defendant's Position*:

As set forth above, discovery is necessary into the enforceability of the Note and into Defendant's affirmative defenses before any dispositive motion is ripe. Defendant has already served document requests on Plaintiff pursuant to Federal Rule of Civil Procedure 34. Defendant agrees that Plaintiff's deadlines set forth below are adequate to address all relevant issues, but proposes that the four (4) month discovery period begin on the date of the scheduling conference.

> 9. *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified (and whether and when expert depositions should occur)*

The parties do not currently anticipate utilizing expert witnesses in this action, but propose to include disclosure dates within the discovery schedule in the event either party's position should change.

> 10. *Class actions*

There are no class action allegations in the Complaint.

> 11. *Whether the trial should be bifurcated or managed in phases*

The parties do not propose that the trial be bifurcated or managed in phases, but wish to reserve the right to make such a request at a later date.

12. *Date for the pretrial conference*

*Plaintiff's Position*:

Plaintiff proposes a final pretrial conference date of December 1, 2008, but requests leave to request rescheduling of that date should there not be a ruling on the motion for summary judgment by May 30, 2008 as specified above.

Defendant's Position:

Defendant proposes a final pretrial conference date of October 16, 2008, in accordance with the proposed schedule offered below.

13. *Whether the court should set a firm trial date at the first scheduling conference (or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference)*

The parties propose that the trial date be set at the final pretrial conference.

14. *Other matters*

There are no other matters at this time.

D. <u>Rule 26(a)(1) Disclosures</u> (per LCvR 16.3(a)(2))

*Plaintiff's Position*:

As specified above, Plaintiff proposes that Rule 26(a)(1) disclosures should be made thirty (30) days after the Court decides Plaintiff's summary judgment motion..

*Defendant's Position*:

Defendant agrees that thirty (30) days is reasonable, and proposes that Rule 26(a)(1) disclosures should be made thirty days after the scheduling conference, on or before May 16, 2008.

E.  Discovery Plan (per LCvR 16.3(a)(3))

*Plaintiff's Position*:

As specified previously, Plaintiff proposes that discovery be stayed pending resolution of Plaintiff's dispositive motion. Plaintiff further proposes the following discovery schedule, should this action not be fully resolved in the Court's ruling on said motion for summary judgment ("SJ"):

| | |
|---|---|
| Date of Ruling on SJ motion | May 30, 2008 or earlier |
| Parties' Rule 26(a)(1) Disclosures: | 15 days from SJ ruling |
| Deadline to Add Parties / Amend Pleadings | 30 days from SJ ruling |
| Plaintiff's Rule 26(a)(2) Disclosures: | 30 days from SJ ruling |
| Defendant's Rule 26(a)(2) Disclosures: | 60 days from SJ ruling |
| Plaintiff's Rule 26(a)(2) Rebuttal Disclosures: | 90 days from SJ ruling |
| Completion of All Discovery: | 120 days from SJ ruling |
| Dispositive Motions Deadline: | 150 days from SJ ruling |
| Final Pretrial Conference: | December 1, 2008 |

*Defendant's Position*:

Defendant agrees that Plaintiff's proposes discovery schedule is reasonable except to the extent that it proposes a stay of discovery. Accordingly, Defendant proposes the following discovery schedule:

| | |
|---|---|
| Parties' Rule 26(a)(1) Disclosures: | May 16, 2008 |
| Deadline to Add Parties / Amend Pleadings | May 30, 2008 |
| Plaintiff's Rule 26(a)(2) Disclosures: | June 16, 2008 |

11

Defendant's Rule 26(a)(2) Disclosures:...............................July 16, 2008

Completion of All Discovery: ..............................................August 15, 2008

Dispositive Motions Deadline: ............................................September 15, 2008

Final Pretrial Conference:....................................................October 15, 2008

                    Respectfully submitted,

By:_____/s/_____
    Allen V. Farber (D.C. Bar No. 912865)
    Brian A. Coleman (D.C. Bar No. 459201)
    DRINKER BIDDLE & REATH LLP
    1500 K Street, N.W., Suite 1100
    Washington, D.C.  20005
    Telephone:  (202) 842-8800
    Facsimile:  (202) 842-8465

*Counsel for Plaintiff LuAnn L. Bennett*

By:_____/s/_____
    Robert A. Van Kirk (D.C. Bar No. 430588)
    WILLIAMS & CONNOLLY LLP
    1500 K Street, N.W., Suite 1100
    Washington, D.C.  20005
    Telephone:  (202) 434-5000

*Counsel for Defendant Robert S. Bennett*

Dated:  April 3, 2008

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 3rd day of April, 2008, a copy of the above and foregoing **Joint Statement Pursuant to LCvR 16.3** was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

                                        /s/ Brian A .Coleman
                                        Brian A. Coleman